IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vader McGowan, ) | |
| ) | Cr. No. 1:05-652 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Vader McGowan is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Oakdale in Oakdale, Louisiana. This matter is before the court on Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as amended.

## FACTS AND PROCEDURAL HISTORY

On April 21, 2006, Movant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (Count One); and creating a substantial risk to human life while manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 858 (Count Six). A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that Movant has two prior convictions for purposes of career offender status: a conviction for distribution of cocaine in the Aiken County, South Carolina, General Sessions Court in 2001; and a conviction for burglary (2nd Degree) in Saluda County, South Carolina, General Sessions Court in 2000. ECF No. 164, ¶¶ 27, 28. Movant's criminal history score was 2. Two points were added pursuant to U.S.S.G. § 4A1.1(d) because Movant was on state probation when the instant offense was committed. Movant's criminal history

category was III.  However, Movant was designated as a career offender based on his convictions for distribution of cocaine and burglary.  Movant's criminal history category became VI.

The PSR provided for a base offense level of 32.  Movant's offense level was increased six levels pursuant to U.S.S.G. § 2D1.1(b)(6)(C) because the offense created a substantial risk of harm to four minors living in the home.  Movant also received a two-level increase under U.S.S.G. § 3B1.1(c) because he was an organizer, leader, manager, or supervisor in a criminal activity.  Movant's adjusted offense level became 40.  Pursuant to U.S.S.G. § 4B1.1, Movant's offense level was 37 because he was designated as a career offender; however, the higher offense level of 40 applied.  Movant received a three-level reduction for acceptance of responsibility, for a total offense level of 37.  Movant's guidelines range was 360 months to life incarceration.

On December 19, 2006, Movant appeared for sentencing.  Respondent orally moved for a variance, which was granted.  Movant was sentenced under the U.S. Sentencing Guidelines to 240 months imprisonment, consisting of 240 months as to Count One and 120 months as to Count Six, to run concurrently.  Judgment was entered on December 28, 2006.

Movant, through counsel, filed his § 2255 motion on June 20, 2016, seeking the benefit of Johnson v. United States,133 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague.  Counsel argued that Johnson applies with equal force to the United States Sentencing Guidelines under which Movant was sentenced and that his prior conviction for burglary, 2nd Degree, does not qualify as a violent felony under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

On November 29, 2016, upon motion of Respondent, the court stayed the matter pending disposition of Beckles v. United States, 137 S. Ct. 886 (2017), a case wherein a defendant challenged

his Sentencing Guidelines sentence under Johnson. The Court decided Beckles on March 6, 2017. Respondent filed a motion for summary judgment on July 5, 2017. Movant filed a response on August 23, 2017. The matter now is ripe for adjudication.

## DISCUSSION

In Johnson the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition

is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a)(2), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

In its supplemental memorandum in support of its motion to dismiss, Respondent argues that because Johnson does not invalidate the advisory Guidelines, Movant's § 2255 motion (1) is untimely, (2) Movant's designation as a career offender had no impact on his sentence because the higher calculation of Movant's offense level applied. Movant, through counsel, concedes this matter and, for the record, contends Beckles was wrongly decided. The court is constrained to conclude that Movant's § 2255 claim under Johnson is without merit.

## CONCLUSION

For the reasons stated, Movant's § 2255 motion, (ECF No. 189) is **denied and dismissed** as untimely and without merit under Johnson. Respondent's motion for summary judgment (ECF No. 200) is **granted**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

4

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 6, 2017